# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE CALDERON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAGDY DANIALS, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01734-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Jose Guadalupe Calderon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed on January 6, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff spent five years at Salinas Valley State Prison. Plaintiff complained to his primary care provider Doctor Magdy that he was losing mobility and was not able to run, jump or play sports as a normal 25-year-old. Plaintiff also said he was having pain and his energy level was low. Approximately one year later, Doctor Magdy ordered blood test and informed Plaintiff that his condition was "gout." Doctor Magdy never told why he believed Plaintiff had "gout."

On or about August 13, 2019, Doctor Magdy prescribed Allopurinol for gout, and Plaintiff was advised to stop eating red meat, beans, peanut butter and all kinds of food rich in protein and to drink a lot of water.

In 2010 and 2011, Plaintiff was seen by Doctor Gamboa who continued to prescribe Allopurinol for gout. Plaintiff informed Doctor Gamboa that his body was shutting down and Plaintiff started to have doubts as to whether he had gout. Plaintiff told Doctor Gamboa that maybe he had something other than gout. Doctor Gamboa ordered more blood test and continued to tell Plaintiff that he had gout because his uric acid was out of range. However, Plaintiff did not have inflammation in his right leg, foot or big toes which are symptoms of gout.

On or about August 4, 2010, Plaintiff requested to be seen by an outside doctor other than Doctor Gamboa.

On or about June 8, 2011, Plaintiff's uric acid level was within normal range. Doctor Gamboa now knew that Plaintiff's symptoms were not related to gout, but he never allowed Plaintiff to be seen by an outside doctor.

In May 2013, Plaintiff was transferred to Corcoran State Prison. Doctor Moon continued to prescribe Allopurinol even though it was clear that Plaintiff did not have gout as his uric acid was within range and he had not symptoms related to gout. Doctor Moon did not stop the medication for gout or allow Plaintiff to be re-evaluated by an outside doctor. In 2013, Plaintiff stopped playing soccer because his legs were not strong enough to jog.

Doctor Br Phi failed to find another cause of Plaintiff's symptoms and continued to supply Allopurinol to Plaintiff. In 2017, Plaintiff's health was decreasing and he suffered pain his legs.

In 2017, Plaintiff was seen by Nurse Practitioner Patricia Rouch who continued to prescribe Allopurinol. Rouch either failed to review Plaintiff's medical file or "turned her face to the other side." Rouch knew that Plaintiff's creatinine kinase was out of range, but she failed to do anything.

In October 2017, Plaintiff was transferred to Avenal State Prison. In October or November 2017, Plaintiff was seen by Physician Assistant Nancy Siegrist. Siegrist spent a lot of time reading her computer and Plaintiff's medical file. It was the first time that a medical professional believed he was sick. Siegrist knew that Plaintiff's symptoms were not related to gout. She told Plaintiff that he could have bacterium and she ordered blood and fecal tests. Siegrist allowed the medication for gout to continue.

In November or December 2017, Plaintiff was seen by Doctor Jasmin Biol who told him that he needed to work out, drink a lot of water, and that he was young and nothing was wrong with him. Plaintiff told Doctor Biol that his body was shutting down and that he could not jump, but he ignored Plaintiff's complaints. Plaintiff also told Doctor Biol that he had bacterium, but he claimed Plaintiff was wrong. In February or March 2018, Dr. Biol took Plaintiff off Allopurinol because it was causing diarrhea. Doctor Biol allowed Plaintiff to be seen by a Rheumatologist because the prison advocacy network wrote letters to the Warden at Avenal State Prison.

In March or April 2018, Plaintiff took medication for bacterium.

Plaintiff almost lost his mobility when his body started to shut down by prescribing Allopurinol to treat gout. Plaintiff is not longer able to play sports.

In 2018, Plaintiff was diagnosed with myopathy and he never had gout.

Plaintiff seeks compensatory damages in the amount of $500,000.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

| | |
|---|---|
| 1 | Negligence or medical malpractice do not rise to the level of deliberate indifference. <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see also</u> <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). |

Plaintiff's allegations fail to give rise to a cognizable claim for deliberate indifference. Although Plaintiff contends that he was repeatedly misdiagnosed and treated for gout, Plaintiff fails to demonstrate that any Defendant acted with deliberate indifference. There are simply insufficient allegations to suggest that any Defendant intentionally and with deliberate indifference prescribed gout medication despite knowing that Plaintiff did not have gout, or that any Defendant purposefully failed to address his medical needs. The fact that Plaintiff wished to be referred to an outside physician for further evaluation does not demonstrate deliberate indifference. See <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Toguchi v. Chung</u>, 391 F.3d at 1058. It is clear from Plaintiff's allegations that he was routinely and continuously evaluated and treated by medical professionals. The fact that, in hindsight, the treatment may have been incorrect does not support a finding that Defendants acted with deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended

complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 9, 2020__

UNITED STATES MAGISTRATE JUDGE