# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE CALDERON, | Case No.: 1:19-cv-01734-DAD-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| MAGDY DANIALS, et.al., | |
| Defendants. | [ECF No. 17] |

Plaintiff Jose Guadalupe Calderon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed on February 21, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening.

In 2008, Plaintiff was housed in Salinas Valley State Prison. Plaintiff complained to his primary care provider Doctor Magdy that he was losing mobility and was not able to run, jump or play sports as a normal 25-year-old.

On August 13, 2009, Dr. Magdy misdiagnosed Plaintiff with "gout" and prescribed Allopurinol. However, Plaintiff never showed symptoms related to gout. Plaintiff's symptoms were and are related to muscle weakness, loss of strength and loss of mobility.

In 2010, Plaintiff's primary care provider was changed to Doctor Lawrence Gamboa, who continued to prescribe Allopurinol to treat gout. After Plaintiff had been on Allopurinol for approximately two years, he noticed that his health was decreasing. Dr. Gamboa ignored Plaintiff's

symptoms. In June 2011, Plaintiff's uric acid level was within normal range. Plaintiff was misdiagnosed with gout in 2009 because his uric acid was high. However, in 2011, Plaintiff's uric acid was within normal range and it was clear that Plaintiff's symptoms were not related to gout. Dr. Gamboa failed to get a second opinion and failed to stop the prescription for Allopurinol.

In 2013, Plaintiff was transferred to Corcoran State Prison. Doctor Jong Moon did not evaluate Plaintiff and continued to prescribe Allopurinol to treat gout. In 2014, Dr. Moon remarked that Plaintiff never had typical gout attack, but he failed to stop the prescription for Allopurinol.

While still housed at Corcoran State Prison, Plaintiff was seen by Nurse Practitioner Isabel Mathos who continued to prescribe Allopurinol. It was already stated that Plaintiff's uric acid was within range. Mathos ignored the red flags and it was clear that Plaintiff did not have gout.

In 2016, Plaintiff was seen by Doctor M. Mays who stated that Plaintiff's records did not demonstrate that he had gout and perhaps his physical condition could be due to some other condition. Dr. Mays allowed the prescription for Allopurinol to continue and failed to get a second opinion.

In 2016, Plaintiff was seen by Dr. Br Phi who remarked that Plaintiff's gout was "questionable" but he ignored the red flags and failed to find another cause or condition of Plaintiff's symptoms.

In 2017, Plaintiff's health was decreasing to the point that he was walking with pain.

Plaintiff was then seen by Nurse Practitioner Patricia Rouch who failed to review Plaintiff's medical records and continued to prescribe Allopurinol to treat gout. Plaintiff informed Rouch that his body was shutting down and he was in pain. Rouch told Plaintiff that he had scoliosis. However, in 2018, it was discovered that Rouch misdiagnosed Plaintiff with scoliosis. Rouch failed to stop the prescription for Allopurinol and refused to allow Plaintiff to get a second opinion.

While Plaintiff was housed in Avenal State Prison, he was seen by Physician Assistant Nancy Siegrist who stated that Plaintiff could have bacterium. Siegrist ordered fecal and lab tests. Siegrist knew Plaintiff did not have gout yet she failed to stop the prescription for Allopurinol.

Plaintiff was then seen by Doctor Jasmin Biol who continued to prescribe Allopurinol. Doctor Biol told Plaintiff there was nothing wrong with him, he was young and need to work out and drink a

lot of water. Plaintiff was seen by a Rheumatologist who stated that Plaintiff's condition is "myopathy" and not gout.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

1  Plaintiff's allegations fail to give rise to a cognizable claim for deliberate indifference. Plaintiff contends that he was repeatedly misdiagnosed and treated for gout, however, Plaintiff fails to demonstrate that any Defendant acted with deliberate indifference.  There are simply insufficient allegations to suggest that any Defendant intentionally and with deliberate indifference prescribed gout medication despite knowing that Plaintiff did not have gout, or that any Defendant purposefully failed to address his medical needs.  The fact that Plaintiff wished to be referred to an outside physician for further evaluation does not demonstrate deliberate indifference.  See Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Toguchi v. Chung, 391 F.3d at 1058.  It is clear from Plaintiff's allegations that he was routinely and continuously evaluated and treated by medical professionals.  The fact that, in hindsight, the treatment may have been incorrect does not support a finding that Defendants acted with deliberate indifference.  Although Plaintiff disagrees with the treatment provided and contends he was misdiagnosed with gout, his disagreement and any misdiagnosis do not provide a basis for relief under the Eighth Amendment for deliberate indifference.  See Estelle v. Gamble, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim" under the Eighth Amendment).  Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

## IV.

## RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief.  Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original and first amended complaints.  Based upon the allegations in Plaintiff's original, first and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2020**

UNITED STATES MAGISTRATE JUDGE