# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>MAGDY DANIALS, et.al.,<br><br>Defendants. | Case No.: 1:19-cv-01734-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 19] |

Plaintiff Jose Guadalupe Calderon is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed March 9, 2020.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court does not find extraordinary circumstances to warrant appointment of counsel. On February 28, 2020, the undersigned issued Findings and Recommendations recommending the action be dismissed for failure to state a cognizable claim for relief, after Plaintiff was notified of the deficiencies and amended the complaint twice. Plaintiff has demonstrated literacy and an ability to communicate through pleadings and motions to sufficiently articulate his claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel where a plaintiff demonstrates ability to effectively present case). As a result, the Court is precluded from making a finding that Plaintiff is likely to succeed on the merits. Accordingly, Plaintiff's motion for appointment of counsel is denied.

IT IS SO ORDERED.

Dated: **March 10, 2020**

UNITED STATES MAGISTRATE JUDGE